UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO. 1:11-CR-00376-1 |
| Plaintiff-Respondent, | : | 1:14-CV-00982 |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. 147 & 160] |
| ARRICO SPIRES, | : | |
| | : | |
| Defendant-Petitioner. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this action brought under 28 U.S.C. § 2255, Defendant Arrico Spires, *pro se*, says he was denied effective assistance of counsel and moves to vacate his conviction and sentence for drug trafficking charges.[1] The United States opposes Spires's motion.[2] For the reasons that follow, the Court finds a hearing is not necessary and **DENIES** the motion.

**I. Factual and Procedural Background**

On August 24, 2011, a grand jury indicted Arrico Spires for three drug trafficking counts: one count of conspiracy to distribute cocaine base and cocaine in violation of 21 U.S.C. §§ 841[3] and 846[4] and two counts of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841.[5] The grand jury also indicted five other defendants as being part of the conspiracy and for

---

[1] Doc. 147.
[2] Doc. 158.
[3] Possession of a controlled substance with intent to distribute.
[4] Conspiracy to commit a drug trafficking offense.
[5] Doc. 1.

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

related charges.[6] All the charges stemmed from drug sales to undercover ATF agents operating a Mansfield, Ohio clothing store.

Spires's five co-defendants all pled guilty to some of the offenses charged in the indictment.[7] Spires, however, proceeded to a jury trial.

Two weeks before the trial started, the government filed a notification of two prior convictions pursuant to 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),[8] and 851.[9][10] The noticed convictions were a Richland County, Ohio March 1996 conviction for aggravated trafficking in cocaine and a Michigan October 1996 cocaine possession conviction.[11]

On the first day of the trial, before seating a jury, the Court inquired about whether the parties had considered a plea. Counsel told the Court that plea discussions had not gone far.[12] The Court had the following colloquy with Spires and his counsel:

> Counsel: [F]rom what I've related to Mr. Spires, there was the potential that we could get this down to about ten years, and he was making a counteroffer of five years that he would consider, and that was the stand-off.
>
> The Court: Is that true, Mr. Spires? That at one point in time the government,

---

[6] *See id.*

[7] All defendants pled guilty to the conspiracy charge. Joseph Ware also plead guilty to three counts of being a felon in possession of a firearm and one count of possession of a firearm during a drug offense. Brian Nowell pled guilty to one count of being a felon in possession of a firearm. And Alfonzo Ware pled guilty to two counts of being a felon in possession of a firearm. On the government's motion, the Court dismissed the remaining counts in the indictment against them.

[8] Section 841(a)(1) prohibits possession of a controlled substance with intent to distribute it. Section 841(b)(1) imposes minimum and maximum sentences for certain amounts of controlled substances and for certain criminal histories.

[9] Section 851 regulates how the government may establish a prior conviction to trigger increased minimum and maximum sentences for violations of the drug trafficking laws.

[10] Doc. 72.

[11] *Id.* at 2.

[12] *See* Doc. 133 at 2:10-3:9.

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

|  |  |
|---|---|
|  | without being specific, had kind of generally indicated that ten years would be the minimum they would look at considering an offer on? |
| Defendant: | Yes. That's what I was told by my lawyer. |
| The Court: | And then did you make the decision that you would not accept that offer? |
| Defendant: | Yes, I did. |
| The Court: | Okay. All right, well then we'll proceed.[13] |

At trial, two of Spires's co-defendants testified that Spires gave them cocaine to sell to third parties. Those third parties were actually undercover agents.[14] Additionally, an undercover special agent at the store testified that on January 6, 2011, and January 11, 2011, Joseph Ware—one of the co-defendants—entered the store and sold the undercover agent cocaine.[15] On January 6, Ware sold the agent 27.90 grams of cocaine.[16] And on January 11, Ware sold the agent 27.91 grams of cocaine.[17]

Surveillance camera footage showed Spires at the store on both occasions.[18] On January 6, 2011, Ware and Spires spoke several times before Ware finally sold the agent the cocaine.[19] And on January 11, 2011, after Ware called Spires four times, Spires entered the store and gave Ware a white object that Ware sold to the agent.[20] Ware then gave Spires money outside the store.[21]

---

[13] *Id.* at 3:5-20.
[14] *United States v. Spires*, 514 F. App'x 569, 571 (6th Cir. 2013).
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.*

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

The jury found Spires guilty of conspiracy to distribute cocaine base and cocaine.[22] The jury found that the amount of cocaine involved in the conspiracy was less than 500 grams and that the amount of cocaine base involved in the conspiracy was 28 grams or more but less than 280 grams.[23] The jury also found Spires guilty of two counts of possession of cocaine with intent to distribute based on the two January 2011 sales.[24]

After hearing argument concerning whether two Sentencing Guidelines enhancements should apply, the Court sentenced Spires to the statutory mandatory minimum sentence of 120 months of incarceration on each of the counts to run concurrently.[25] Because of his prior convictions and the amount of drugs that the jury found at issue in the conspiracy, the conspiracy charge carried a mandatory minimum sentence of 120 months.[26] The Guidelines had recommended a longer sentence.[27]

Spires appealed. Spires said that insufficient evidence existed to support his conviction, that certain government's counsel's questions were prosecutorial misconduct, and that the Court should have declared a mistrial due to improper witness testimony.[28] The Court of Appeals affirmed.[29]

On May 6, 2014, Spires moved the Court to vacate his conviction and sentence under 28

---

[22] Doc. 96 at 1.
[23] *Id.* at 2.
[24] *Id.* at 3-4.
[25] Doc. 116 at 2.
[26] *See* 21 U.S.C. § 841(b)(1)(B) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years . . . .").
[27] For an offense level of 30 and criminal history category II, the Guidelines recommend a sentence of 108-135 months. *See* Doc. 146 at 17:6-11.
[28] *Spires*, 514 F. App'x at 572-74.
[29] *Id.*

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

U.S.C. § 2255.[30] Spires says that his counsel was constitutionally ineffective in eight ways.[31]

Spires then moved to strike any additional government filings in the case.[32] The Court denied that motion.[33]

The government filed a response on the merits.[34] The government says that Spires was afforded adequate assistance of counsel and that in any case Spires can not show that any deficiencies prejudiced him.[35]

Spires moved the Court to reconsider its decision to allow the government to file a response and also filed a reply in support of his § 2255 motion.[36]

## II. Motion for Reconsideration

Spires asks the Court to reconsider its prior decision to allow the government to file a response to Spires's § 2255 motion on the merits.[37]

Spires says that he "can't and they won't allow me any/more [sic] time here to respond" to the government's response in opposition.[38] Therefore, he says that allowing the government to respond on the merits after filing a motion to dismiss "does prejudice me greatly and I believe also violates my due process rights."[39]

---

[30] Doc. 147.
[31] *Id.* at 15-19.
[32] Doc. 156.
[33] Doc. 157.
[34] Doc. 158.
[35] *Id.*
[36] Doc. 160 (motion for reconsideration); Doc. 161 (reply). The docket reflects that the motion is for an extension of time. But the Court's review of the motion shows Spires asks the Court to deny or dismiss any additional filing by the government.
[37] Doc. 160.
[38] *Id.*
[39] *Id.*

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

Nevertheless, Spires filed a timely reply brief in support of his motion with seven exhibits.[40] The reply is nineteen pages long and cites and quotes legal authority and the record in this case.

The Court concludes that no basis exists to conclude that Spires was prejudiced by allowing the government to file a merits response in opposition after its motion to dismiss. Therefore, the Court **DENIES** the motion for reconsideration.

### III. Legal Standards

**A.    Section 2255 Motion**

Title 28 United States Code section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that he alleges is in violation of federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

1) That the sentence was imposed in violation of the Constitution or laws of the United States;

2) That the court was without jurisdiction to impose such sentence;

3) That the sentence exceeded the maximum authorized by law; or

4) That the sentence is otherwise subject to collateral attack.[41]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[42] And to prevail on a § 2255 motion alleging non-constitutional error, the movant must establish a "'fundamental defect which inherently results in a complete miscarriage of justice,'

---

[40] Doc. 161.
[41] *Hill v. United States*, 368 U.S. 424, 426-27 (1963) (citing 28 U.S.C. § 2255).
[42] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

or, an error so egregious that it amounts to a violation of due process."[43]

**B.     Ineffective Assistance of Counsel**

To succeed on a claim that counsel's assistance was constitutionally ineffective, a movant must pass a two-pronged test.  First, he must show that his attorney's performance was so deficient that the attorney "was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."[44] Judicial scrutiny of counsel's performance is highly deferential, and courts employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[45]

Second, the movant must show that the deficient performance prejudiced the defense so seriously that it deprived him of a fair trial.[46]  The movant meets the second prong of the test by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[47]

### IV. Analysis

Defendant Spires says that his counsel was constitutionally deficient in eight ways.  First, he says that counsel failed to effectively dispute a guidelines offense level enhancement for obstruction of justice.[48]  Second, he says that counsel did not present or discuss a plea deal with him.[49]  Third,

---

[43] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill*, 368 U.S. at 428).
[44] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[45] *Id.* at 689.
[46] *Id.* at 687.
[47] *Id.* at 694.
[48] Doc. 147 at 15.
[49] *Id.* at 15-16.

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

he says that counsel should have presented an additional argument concerning prosecutorial misconduct on appeal.[50] Fourth, he says that counsel should have disputed the instructions to the jury on the amount of drugs at issue.[51] Fifth, he says that counsel should not have admitted that Spires should receive a guidelines offense level enhancement for a management role in the drug conspiracy.[52] Sixth, he says that counsel failed to emphasize witness testimony that other people were the source of drugs.[53] Seventh, he says that counsel and the prosecution failed to explain the importance of the § 851 information.[54] And eighth, he says that counsel should have argued the § 851 information was defective and that he was not subject to a mandatory minimum of 120 months.[55]

The Court finds that an evidentiary hearing is not needed to deal with the claims in Spires's motion.[56] The Court finds that each of Spires's claims of ineffective assistance of counsel loses.

First, the Court addresses the sentencing issues. Second, the Court addresses the plea issue. Third, the Court addresses the witness testimony. Fourth, the Court addresses jury instructions. And finally, the Court addresses the appellate issue of prosecutorial misconduct.

**A.    Sentencing Issues**

    **1.    Section 851 and the Mandatory Minimum (Grounds Seven and Eight)**

Spires presents two arguments concerning the § 851 information of convictions that triggered

---

[50] *Id.* at 16.
[51] *Id.* at 16-17.
[52] *Id.* at 17.
[53] *Id.* at 17.
[54] *Id.* at 17-18.
[55] *Id.* at 18-19.
[56] *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) ("no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." (internal quotation marks omitted)).

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

higher mandatory minimums. First, he says that the prior offense notifications were defective and that counsel failed to point that out to the Court.[57] And second, he says he was not informed about the importance or effect of the § 851 information.[58]

### a. Adequacy of § 851 Information

Counsel was not ineffective for failing to argue that the § 851 information was defective because the information was not defective.

Title 21 United State Code section 851 allows the government to file an information "before trial, or before entry of a plea of guilty" that states the previous convictions that may trigger a heightened mandatory minimum for a drug trafficking offense.[59] If the defendant disputes the prior conviction, he must file a written response to the information.[60]

Spires says that the Court did not give him the opportunity to confirm or deny his prior convictions as required by § 851(b).[61] This argument loses. Spires received an opportunity to challenge his prior convictions but failed to do so.

After the jury returned its verdict of guilty, the Court informed Spires that Pretrial Services would create a presentence report and that he should "go through each paragraph of that report carefully with your attorney, and if you believe there's any mistakes in the report you and or he need to raise objections, suggest corrections to the report."[62]

The presentence report confirmed that Spires was convicted of both of the charges contained

---

[57] Doc. 147 at 17-18.
[58] *Id.* at 18-19.
[59] 21 U.S.C. § 851(a)(1).
[60] *Id.* § 851(c)(1).
[61] *See* Doc. 161 at 3
[62] Doc. 135 at 70:11-15.

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

in the information.[63] Spires objected to two offense level enhancements,[64] but he did not object to the criminal history report.[65] Spires also filed a sentencing memorandum that challenged the two offense level enhancements but recommended that the Court sentence Spires to the mandatory minimum sentence of 120 months for the conspiracy conviction.[66] He did not challenge that he was subject to the ten year statutory mandatory minimum.

At the sentencing hearing, the Court also asked Spires whether he and his counsel had gone through each paragraph of the report and whether they had any objections to the presentence report.[67] Spires said he had gone through each paragraph of the report, and counsel said that all of their objections were included in the sentencing memorandum.[68]

Spires now says that the presentence report "shows one of these 'established' convictions . . . had been dismissed."[69] But the presentence report shows that neither conviction was dismissed and that Spires had at least one probation violation on each conviction.[70]

Finally, Spires says that the information was deficient because it was not formally served on him and because it did not specify § 841(b)(1)(B), the specific subsection governing the amount of controlled substances that the jury found Spires involved with.[71]

---

[63]/*See* P.S.R. at 11-12 ¶¶ 40-41.

[64]/The Court imposed a two level increase in Spires's offense level under U.S.S.G. § 3B1.1 for being an organizer, leader, manager, or supervisor in the criminal activity and a two level increase under § 3C1.1 for obstruction of justice. *See* Doc. 146 at 4:24-5:2 & 10:19-25.

[65]/P.S.R. at 25-26.

[66]/*See* Doc. 112.

[67]/Doc. 146 at 2:9-13.

[68]/*Id.* at 2:11-15.

[69]/Doc. 161 at 4.

[70]/*See* P.S.R. at 11-12 ¶¶ 40-41.

[71]/Doc. 161 at 5-6; Doc. 147 at 18.

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

The government filed the information on the Court's electronic docket. This is sufficient service and gave Spires's counsel notice of the document.[72]

And the fact that the information did not cite the specific subsection of § 841 the jury ultimately found Spires guilty of violating is not fatal. Section 851(a)(1) does not require notice of each possible subsection, and the information gave Spires "reasonable notice of [the government's] intent to rely on a particular conviction and a meaningful opportunity to be heard."[73]

Therefore, because the information was not deficient, counsel was not ineffective for failing to challenge it.

### b. Counsel's Advice on Effect of § 851 Information

Spires's claim that his attorney did not advise him of the existence of or consequences of the § 851 information also loses. The presentence report notes that the government filed an information that enhanced the statutory penalties for his conviction to a mandatory minimum of ten years.[74] Spires reviewed each paragraph of the presentence report and did not object to those paragraphs.[75]

Therefore, Spires was did not receive constitutionally deficient assistance of counsel with respect to the § 851 information and the imposition of a mandatory minimum sentence.

### 2. Offense Level Enhancements (Grounds One and Five)

Spires complains about two offense level enhancements the Court imposed when considering

---

[72] *See* N. D. Ohio Crim. R. 49.1 ("Attorneys are required to file documents electronically, absent a showing of good cause, unless otherwise excused by the rules, procedures or Orders of the Court . . . ."); *see also* 21 U.S.C. § 851(a)(1) (the information must be served "on the person *or counsel for the person*" (emphasis added)).
[73] *United States v. Kelsor*, 665 F.3d 684, 700 (6th Cir. 2011) (quoting *United States v. King*, 127 F.3d 483, 488-89 (6th Cir. 1997)).
[74] *See* P.S.R. at 7 ¶ 20 & 20 ¶ 92.
[75] *See* Doc. 146 at 2:9-15.

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

Spires's Sentencing Guidelines range.[76]

The Court does not address whether counsel was deficient concerning the offense level enhancements because Spires cannot show the conduct prejudiced him.

With his prior convictions and the amount of drugs the jury found to be involved in the conspiracy, Spires's conspiracy conviction required the Court to impose a sentence of at least 120 months.[77] Even if the guidelines calculation recommended a different sentencing range, the Court would have had to impose a sentence of at least 120 months, exactly what Spires received.

Therefore, these claims also lose.

**B.  Plea Negotiations (Ground Two)**

Spires says that his counsel was constitutionally deficient for failing to communicate any plea offer to him or, in the alternative, not presenting Spires's offer to the government.[78]

The United States charged Spires with violating 21 U.S.C. § 841. Under that section, if the government proved that the conspiracy involved 280 grams or more of a mixture that contains cocaine base (as alleged in the indictment) and that Spires had two prior drug trafficking convictions, Spires faced a maximum sentence of life in prison.[79]

In a letter dated November 17, 2011, the government offered to move to dismiss one of the two prior convictions from the information in exchange for a guilty plea.[80] For the amount of cocaine base alleged in the indictment with one prior conviction for drug trafficking, Spires would

---

[76] *See* Doc. 147 at 15 & 17.
[77] 21 U.S.C. § 841(b)(1)(B).
[78] *See* Doc. 147 at 15-16; Doc. 161 at 9-12.
[79] 21 U.S.C. § 841(b)(1)(A).
[80] Doc. 158-3 at 2.

-12-

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

have been subject to a mandatory minimum of twenty years.[81]

Before the trial, Spires's counsel indicated that he had engaged the government in a general discussion of a plea agreement, that the government had suggested that a ten-year mandatory minimum was the lowest sentencing range it would accept, and that Spires had indicated a five-year mandatory minimum sentencing range was the highest he would accept.[82]

The Court asked Spires:

| | |
|---|---|
| The Court: | Is that true, Mr. Spires? That at one point in time the government, without being specific, had kind of generally indicated that ten years would be the minimum they would consider an offer on? |
| Defendant: | Yes. That's what I was told by my lawyer. |
| The Court: | And then did you make the decision that you would not accept that offer? |
| Defendant: | Yes, I did.[83] |

The record shows that Spires was aware of an offer by the government, albeit an informal offer, to enter into a plea deal with a certain mandatory minimum sentencing range but rejected the offer.[84]

Spires says that counsel never communicated his offer of five years to the government and that his co-defendants received similar sentences, suggesting that the government would be open to

---

[81] 21 U.S.C. § 841(b)(1)(A).
[82] Doc. 133 at 3:5-9.
[83] *Id.* at 3:10-18.
[84] Spires suggests that the fact that Spires faced a 20-year mandatory minimum sentence for violating § 841(b)(1)(A) with one prior conviction but counsel reported to the Court that he and the government discussed a 10-year mandatory minimum suggests that no real plea negotiations took place. *See* Doc. 161 at 11. However, that discrepancy indicates counsel and the government had engaged in plea negotiations: if the government and Spires agreed that the amount of cocaine base at issue was 28 grams or more—as the jury actually found—with one prior conviction, Spires faced a ten-year mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(B).

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

that amount.[85]

Assuming counsel did not communicate that offer to the government, Spires cannot show that failure prejudiced him. The government indicated a minimum sentencing range that was above what Spires offered. And the fact that other conspirators received similar time to what Spires offered does not mean that the government would have accepted Spires's offer. The government believed Spires was the head of a conspiracy of four to distribute cocaine and cocaine base. No reasonable likelihood exists that the government would have agreed to the sentencing range that Spires offered.

Therefore, Spires cannot show he received ineffective assistance of counsel during plea negotiations.

### C.     Witness Testimony Regarding the Source of Drugs (Ground Six)

Spires says that counsel should have emphasized testimony that potentially indicated one of Spires's co-defendants was a source of cocaine and cocaine base and not Spires.[86]

The Court observed the testimony Spires identified as well as the testimony of all of the other witnesses and the video evidence. The Court concludes that given the large amount of evidence counsel could have presented to the jury, counsel's decision not to emphasize the specific testimony Spires refers to falls within the "wide range of reasonable professional assistance" permitted by *Strickland v. Washington*.[87]

Therefore, because the Court finds counsel's conduct falls within the range of professional discretion afforded to defense attorneys, Spires cannot show he received ineffective assistance of

---

[85] *See* Doc. 161 at 11.
[86] Doc. 147 at 17.
[87] 466 U.S. at 689.

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

counsel with respect to the witness testimony.

**D.     Jury Instructions and Verdict Forms (Ground Four)**

Spires says that counsel should have objected that the jury found Spires guilty of violating § 841(b)(1)(B) even though the jury did not find the conspiracy involved 280 grams or more of cocaine base or 500 grams or more of cocaine as alleged in the indictment.[88]  He says that because the indictment only charged the conspiracy as attempting to distribute 280 grams or more of cocaine base and 500 grams or more of cocaine, if the jury did not find beyond a reasonable doubt that those amounts of drugs were involved, then the jury should have found him not guilty.[89]

However, the jury's verdict was proper because "the jury merely convicted Defendant of a lesser offense necessarily included in the offense charged . . . . Defendant's ability to defend himself was left unaffected."[90]  Although the indictment specified two amounts of cocaine and cocaine base that the government believed it could prove beyond a reasonable doubt, the jury could select a different amount of drugs it found at issue without amending the indictment or violating Spires's constitutional rights.

Thus, counsel was not ineffective for failing to object to the verdict forms or the jury instructions because they were proper.[91]

Therefore, the Court concludes that Spires did not receive ineffective assistance of counsel

---

[88] Doc. 161 at 13-14.

[89] *Id.*

[90] *United States v. Milburn*, 298 F. App'x 455, 460 (6th Cir. 2008) (affirming conviction for drug trafficking conspiracy where indictment charged defendant with conspiring to distribute and to possess with intent to distribute 1000 kilograms or more of marijuana but the jury only found at least 100 but less than 1000 kilograms at issue).

[91] Spires says that the Court told the jury, "Also keep in mind that there's no issue here about lesser charges" and told the jury that the jury should only consider what was charged in the indictment.  *See* Doc. 135 at 13:5-10.  However, because the Court instructed the jury to determine the amount of cocaine and cocaine base at issue, the Court's instructions were correct and not misleading to the jury.  *See id.* at 26:25-27:13.

-15-

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

with respect to the jury instructions or verdict forms.

### E. Prosecutorial Misconduct Claim for Appeal (Ground Three)

Spires says that counsel should have argued that the prosecutors committed misconduct by calling a witness a liar during the trial in Spires's appeal.[92]

Spires refers to two questions the prosecutor asked one of Spires's co-defendants, Demond Haynes: "How about lying on the stand right now, would you do that?" and "Would you lie for your friends?"[93] The Court instructed the jury to disregard the first question and the witness's answer, but allowed the second question and answer into evidence.[94]

The Court found that the first question was leading and, therefore, asked in an improper manner. The Court did not find that the subject matter was objectionable or improper.

To constitute prosecutorial misconduct, a prosecutor's statements at trial must be "so flagrant as to render the entire trial fundamentally unfair."[95]

Defense counsel had asked questions during cross-examination about Haynes's close relationships with some of the other co-defendants.[96] Specifically, Haynes testified that he was very close with Joseph Ware and Alfonzo Ware, two co-defendants, because they were from the same housing projects, but that he did not know Spires in the same way.[97]

On re-direct, the prosecutor sought to establish that Haynes was *not* lying, during his direct

---

[92] Doc. 147 at 16.
[93] Doc. 134 at 49:16-17 & 49:21.
[94] *Id.* at 49:16-25.
[95] *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). If the Court were to find the statements improper, the Court must consider (1) the likelihood that the remarks would mislead the jury or prejudice the accused, (2) whether the remarks were extensive, (3) whether the remarks were deliberately presented to the jury, and (3) whether the other evidence against the defendant was substantial. *Id.* at 512-13.
[96] Doc. 134 at 44:16-45:19.
[97] *Id.* at 45:3-19.

Case No. 1:11-CR-00376-1; 1:14-CV-00982
Gwin, J.

testimony, about his interactions with Spires and the drug sales. Such questioning was not improper.

The Court finds that counsel was not ineffective for failing to raise this issue on appeal because no prosecutorial misconduct occurred.

### V. Conclusion

For the foregoing reasons, the Court **DENIES** Defendant Spires's motion for reconsideration and **DENIES** his motion under 28 U.S.C. § 2255. Moreover, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[98]

IT IS SO ORDERED.


Dated: August 5, 2014              s/ *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[98] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).